UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Timothy J. Boe,                                    Civil No. 10-2362 (DWF/JJK)

          Plaintiff,

v.                                                 **MEMORANDUM
                                                   OPINION AND ORDER**

TCF National Bank; John or Jane
Does 1-100, unknown investors; and
John Roes 1-100, being undisclosed
mortgage aggregators (Wholesalers),
mortgage originators, loan seller, Trustee
of Pooled Assets, Trustee for holders of
certificates of Collateralized Mortgage
Obligations,

          Defendants.
_____

Timothy J. Boe, *Pro Se*, Plaintiff.

Michael W. Haag, Esq., Foley & Mansfield, PLLP, counsel for Defendants and for Foley & Mansfield, PLLP.
_____

# INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons set forth below, Defendants' motion is granted.

# BACKGROUND

On August 14, 2004, Plaintiff Timothy J. Boe obtained a $149,000 mortgage loan from Defendant TCF National Bank ("TCF") to cover Boe's home. (Compl. ¶¶ 8-9.) Boe's home is located at 13251 Fremont Avenue in Zimmerman, MN, which is legally

described as the West 1/2 of the Southeast 1/4 of the Southeast 1/4 of the Southwest 1/4 of Section 8, Township 34, Range 26, Sherburne County, MN. (*Id.* ¶ 9.)

At the August 19, 2004, closing, Boe signed the mortgage document and a promissory note for $149,000, and both documents were notarized. (*Id.* ¶¶ 8, 13, Exs. A and B.) On September 1, 2004, TCF filed and recorded its mortgage in Sherburne County, MN. (*Id.* ¶ 14.) The August 19, 2004, note obligated Boe to pay a variable annual interest rate and his initial monthly payment was $846.24 based on the beginning annual interest rate of 5.490%. (*Id.* Ex. B.)

In March 2006, Boe signed a "Closed-End Loan Modification Agreement," which was also notarized. (*Id.* Ex. B at 10-11.) The loan modification changed the interest rate to a 6.60% fixed rate with a monthly payment of $989.90. (*Id.*)

Boe defaulted on the promissory note, and in May 2010, TCF commenced a foreclosure by advertisement. (*Id.* Ex. E.) Boe sent a letter on May 17, 2010, attempting to rescind the loan. (*Id.* Ex. F.) In that letter, Boe stated that the bases for the rescission are "fraud and failure to provide clear full disclosure of material terms . . . ." (*Id.*) Boe commenced this lawsuit on June 14, 2010. A few days later, on June 17, 2010, the home was sold at a foreclosure sale. (*Id.* ¶ 17.)

## DISCUSSION

### I. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th

Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Motion to Dismiss

Defendants move to dismiss for failure to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Defendants argue that Boe's claims do not plead sufficient facts and that there is no legal basis under which Boe can recover on the claims. Boe responded to the Motion by filing an "Offer of Proof and

3

Written Objections." This document, however, does not address Defendants' arguments, but rather merely recites the same allegations made in the Complaint. Those allegations are set forth below.

### A. First Cause of Action

Boe's first claim is grounded in Defendants' alleged violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. (Compl. ¶¶ 36-51.) He contends that Defendants failed to disclose "in the proper manner" several disclosures required by TILA, and that Defendants failed to give him a TILA Statement, HUD-1 Settlement Statement, and the Good Faith Estimate/Itemization of Amount Financed. (*Id.* ¶¶ 39-40.) However, the attachments to the Complaint contain the disclosures Boe contends he was not given. (*Id.* Exs. C, D.) Boe also alleges that the mortgage is invalid because it is not signed by the Lender. (*Id.* ¶ 43.) He seeks "damages in recoupment and set-off" under TILA. (*Id.* ¶ 51.)

Defendants argue that Boe's TILA should be dismissed because it is time-barred and that Boe has no independent recoupment claim. Section 1640(e) provides that an action for damages under TILA must be brought "within one year from the date of the occurrence of the violation . . . ." 15 U.S.C. § 1640(e). Further, any right Boe might have had to rescind his mortgage expired, at the latest, three years after the date of the transaction. *Id.* § 1635(f). The latest mortgage transaction in this case was in March 2006. Boe's Complaint was not filed until June 2010, more than four years after the last transaction regarding his mortgage.

Boe contends that he can raise a recoupment claim under TILA and that this claim is not subject to the statute of limitations. In July 2010, TILA was amended in significant ways. The amendments to section 1640(e) now provide that a consumer against whom a foreclosure action has been initiated "may assert a violation by a creditor . . . as a matter of defense by recoupment or set off without regard for the time limit on a private action for damages." Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 1413, 124 Stat. 1376, 2148-49 (to be codified at 15 U.S.C. § 1640 (2010)). However, this change to the statute of limitations does not take effect until January 1, 2011. *Id.* § 1601, 124 Stat. at 2223 (to be codified at 26 U.S.C. § 1256 Note (2010)) (noting that the amendments "shall apply to taxable years beginning after the date of the enactment of this Act"). Thus, Boe's claims for recoupment or set-off are untimely. His TILA claim must be dismissed.

**B.     Second Cause of Action**

Boe's second claim is that the mortgage and promissory note are void because they are not signed by the lender. Thus, according to Boe, the contracts violate the statute of frauds. The statute of frauds applicable to mortgages, however, provides only that the person "creating, granting, assigning, surrendering, or declaring" the interest in real property must sign the document. Minn. Stat. § 513.04. The mortgages at issue here were creating an interest in Boe's property. He signed the documents, and those documents therefore satisfy the statute of frauds. To the extent that Boe is also claiming that the alleged TILA violations render the mortgages void, this claim fails for the reasons set forth above. Boe's second cause of action must be dismissed.

### C. Third Cause of Action

Boe's third claim raises alleged defects in the foreclosure process. Although it is difficult to discern from his Complaint, he appears to assert that Defendants have failed to provide him with original copies of his mortgage, and that he is therefore unable "to verify the stating of the Defendant(s) as holder in due course of the mortgage and note." (Compl. ¶ 79.) This is not a legal claim, however. The authenticity of documents is a matter for discovery and, if applicable, for admission at trial. Defendants' alleged failure to provide Boe with original copies does not give rise to an independent cause of action. This claim must be dismissed.

### D. Fourth Cause of Action

In his fourth claim, Boe asks for injunctive relief, presumably to stop the foreclosure and sheriff's sale of his home. As noted previously, the sale has already occurred. Moreover, to the extent that Boe contends that Defendants' alleged violations of TILA or other laws render the foreclosure illegal, the Court has determined that Boe's substantive legal claims have no merit. Therefore, his claim for injunctive relief must be dismissed.

### E. Fifth Cause of Action

Boe's fifth claim is for intentional infliction of emotional distress. To prevail on this claim Boe must establish that: 1) the defendant's conduct was extreme and outrageous; 2) the conduct was intentional or reckless; and 3) it caused severe emotional distress. *Hubbard v. United Press Int'l, Inc.*, 330 N.W.2d 428, 438-39 (Minn. 1983). "The operation of this tort is sharply limited to cases involving particularly egregious

facts." *Id.* at 439. Boe has failed to plead sufficient facts to establish a claim for intentional infliction of emotional distress.

In order to be deemed "extreme and outrageous," conduct "must be 'so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community.'" *Id.* (quoting *Haagenson v. Nat'l Farmers Union Prop. & Cas. Co.*, 277 N.W.2d 648, 652 n.3 (Minn. 1979)). Even assuming that all of the facts in the Complaint are true, Defendants' actions fall far below this deliberately high standard. Moreover, Boe has failed to allege that he suffers from the severe distress necessary to maintain an intentional infliction of emotional distress claim. He contends that Defendants' actions have caused "sleeplessness, irritability with the family and associates, and severe nervousness." (Compl. ¶ 101.) This simply does not amount to distress "so severe that [he cannot] be expected to endure it." *Hubbard*, 330 N.W.2d at 439. Because Boe has not pled the elements necessary to maintain a claim of intentional infliction of emotional distress, his fifth cause of action fails as a matter of law.

### F. Sixth Cause of Action

Boe's sixth claim asks the Court to declare that he is the owner of the property and that Defendants have no right or title to the property. He also asks the Court to void the sheriff's sale. As discussed previously, however, Boe has failed to establish any violation of the law in the mortgage transaction, and therefore he has no legal justification for the quiet title relief he seeks. This claim must be dismissed.

7

### G. Remaining Matters

Boe also identifies Foley & Mansfield, PLLP, as a defendant in the summons, but not the Complaint. Because Boe has not set forth any factual allegations or causes of action relative to Foley & Mansfield, any implied claims against the firm are dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Finally, Boe submitted a reply to Defendants' reply memorandum on the day of oral argument for this matter. (Doc. No. 13.) Such a reply is not allowed under the Federal Rules of Civil Procedure or the Local Rules. Moreover, even if the Court were to consider Boe's reply to Defendants' reply, it would not change the outcome of this Order.

### ORDER

Thus, **IT IS HEREBY ORDERED**:

1. The Court **GRANTS** Defendants' Motion to Dismiss (Docket No. [5]).

2. Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 24, 2010            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge